S. Y.,

        Plaintiff,

   vs.

CHOICE HOTELS INTERNATIONAL,
INC.; et al.,

        Defendants.

CASE NO. 2:20-cv-622-JES-MRM

---

## DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, Choice Hotels International, Inc. (Choice), by its undersigned counsel, respond to Plaintiff's Third Amended Complaint (Dkt. 1) as follows:

### CHOICE'S PRELIMINARY STATEMENT

Except to the extent expressly admitted herein, Choice denies each and every allegation of Plaintiff's Third Amended Complaint, including any allegations contained in its headings, which are copied herein solely for ease of references, or footnotes. With respect to any purported document cited to or quoted from in the Complaint, by providing its answer here, Choice does not admit that the document is accurate, relevant, or admissible in this action, and Choice reserves all objections regarding admissibility. With respect to the specific paragraphs of the Third Amended Complaint, Choice responds as follows.

### INTRODUCTION

1.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice admits that Plaintiff purports to bring this action under the Trafficking Victims Protection Reauthorization Act of 2008

("TVPRA") and Florida state law and is proceeding under the initials "S.Y." Choice denies the remaining allegations int his Paragraph, if any.

2. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

3. The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. Also, the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

4. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

5. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

6. The allegations in this Paragraph do not appear to be directed to Choice, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

7. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations

2

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice admits that the TVPRA was amended in 2008. Choice denies the remaining allegations in this Paragraph, if any.

8. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

9. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

10. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

11. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

12. The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

13.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, those allegations are denied.  To the extent a response is required, Choice admits that franchisees agree to pay certain fees to a franchisor.  Choice denies the remaining allegations in this Paragraph, if any.

14.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

15.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

16.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

17.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response

is required, Choice admits that Plaintiff purports to bring claims under the TVPRA.  Choice denies the remaining allegations in this Paragraph, if any.

18.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

19.     The allegations in this Paragraph do not appear to be solely directed to Choice, and no response is required as to those allegations not directed to Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice admits that Plaintiff purports to bring claims under Florida's RICO laws, premises liability, negligent hiring, supervision and retention.  Choice denies the remaining allegations in this Paragraph, if any.

**JURISDICTION AND VENUE**

20.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute(s) referenced speak for themselves.  To the extent a response is required, Choice admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Choice denies the remaining allegations in this Paragraph, if any.

21.     The allegations in this Paragraph do not appear to be directed to Choice, and no response is required.  Also, the allegations in this Paragraph constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph in that Choice denies liability for or involvement with any conduct with Plaintiff in this District.

**PARTIES**

22. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and the allegations are therefore denied.

23. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and the allegations are therefore denied.

24. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient information and belief as to the truth of the allegations in this Paragraph, and the allegations are therefore denied.

25. Choice admits that it is a Delaware Corporation, located at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850 and that Comfort Inn® is a Choice Brand. Choice denies the remaining allegations in this Paragraph, if any.

26. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Choices lack sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and the allegations are therefore denied.

27. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed to Choice. To the extent a response is required, Choice denies the allegations in this Paragraph.

28. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed to Choice. Also, the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice admits that it is a franchisor. Choice denies the remaining allegations in this Paragraph, if any.

**SEX TRAFFICKING UNDER FEDERAL LAW**

29. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

30. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

31. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

32. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

<strong>STATEMENT OF FACTS</strong>

33. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

34. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

35. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

36. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

37. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this

Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

38.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

39.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

40.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

41.     The allegations in this Paragraph constitute argument and legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice admits that it owns the Comfort Inn brand. Choice denies the remaining allegations in this Paragraph, if any.

42.     The allegations in this Paragraph do not appear to be solely directed at choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the article referenced speaks for itself. The franchise relationship described in this Paragraph is set out in contractual

documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

43. The allegations in this Paragraph do not appear to be solely directed at choice, and no response is required as to the allegations not directed at Choice. Also the allegations in this Paragraph constitute legal conclusions, and no response is required. Further, the article referenced speaks for itself. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

44. The allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph and all of its subparts.

45. The allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

46. The allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

47. The allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

48. The allegations in this Paragraph constitute legal conclusions, and no response is required. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

49. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

50. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. To the extent a response is required, Choice denies the allegations in this Paragraph.

51. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. Choice denies the remaining allegations in this Paragraph, if any.

52.     The allegations in this Paragraph constitute legal conclusions, and no response is required.  The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. Choice denies the remaining allegations in this Paragraph, if any.

53.     The allegations in this Paragraph constitute legal conclusions, and no response is required.  The franchise relationship described in this Paragraph is set out in contractual documents and to the extent this Paragraph attempts to mischaracterize those documents, the allegations are denied. Choice denies the remaining allegations in this Paragraph, if any.

54.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

55.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

56.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

57.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute

argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

58. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

59. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

60. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

61. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

62. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

63. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

64. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

65. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

66. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

67. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

68. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

69. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

70. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

71. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

72. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

73. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

74. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

75. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

76. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

77. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

78. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

79. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

80. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. To the extent a response is required, Choice denies the allegations in this Paragraph.

81. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

82. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

83. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

84. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

85. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

86. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

87. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

88. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

89. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. The allegations in Paragraph 89 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89.

90. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

91.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  To the extent a response is required, Choice denies the allegations in this Paragraph.

92.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.   To the extent a response is required, Choice denies the allegations in this Paragraph.

93.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Insofar as a response is required, Choice lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93.

94.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

95.     The allegations in this Paragraph do not appear to be directed at Choice, and no response is required.   To the extent a response is required, Choice denies the allegations in this Paragraph.

96.     The allegations in this Paragraph do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph

97.     The allegations in this Paragraph do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

98. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

99. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. FRANCHISE

100. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

101. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

102. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

103. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

104. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

105.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

106.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

107.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

108.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

109.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

110.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

111. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

112. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

113. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

114. The allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

115. The allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

116. The allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

117. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute

argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

118. The allegations in this Paragraph constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph and all its subparts.

119. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

120. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

121. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

122. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

123. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

124. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

125. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

126. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

127. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

128. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

129. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

130. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

131. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

132. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

133. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

134. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

135.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

136.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

137.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

<u>**CAUSES OF ACTION**</u>

138.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

139.     The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute argument and legal conclusions, and no response is required.  Further, the statutes

referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

140. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

141. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

142. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

143. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

144. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

145. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

146. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

147. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

148. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

149. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

150. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

151. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

152. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

153. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

## COUNT I

154. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

155. Choice incorporates by reference its responses to Paragraphs 1-25 and 27-153 of the Complaint as if fully set forth herein.

156. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice incorporates by references its response to Paragraphs 1-24, and 26-153 of the Complaint as if fully set forth herein.

157. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

158. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

159. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

160. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute argument and legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

161. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. Also, the allegations constitute argument and legal conclusions, and no

response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

**COUNT II**

162.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Further, the statutes referenced speak for themselves. To the extent a response is required, Choice admits that Plaintiff purports to allege a cause of action under Fl. Stat. § 722.104. Choice denies the remaining allegations in this Paragraph, if any.

163.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Choice incorporates by reference its responses to Paragraphs 1-25 and 27-153 of the Complaint as if fully set forth herein.

164.    The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice incorporates by reference its responses to Paragraphs 1-24, and 26-153 of the Complaint as if fully set forth herein.

165.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

166.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

167. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

168. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

169. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

170. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

171. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

172. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

173.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Choice denies the allegations set forth in Paragraph 173, except they admit that Choice is in the hospitality industry.

174.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

175.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph5.

176.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

**COUNT III**

177.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  To the extent a response is required, Choice admits Plaintiff purports to allege a cause of action for premise liability. Choice denies the remaining allegations in this Paragraph, if any.

178. Choice incorporates by reference its responses to Paragraphs 1-25 and 27-153 of the Complaint as if fully set forth herein.

179. The allegations in this Paragraph do not appear to be directed at Choice, and no response is required. To the extent a response is required, Choice incorporate by reference their responses to paragraphs 1-24, 26-153 of the Complaint as if fully set forth herein.

180. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

181. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

182. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

183. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph.

184. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

185. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

186. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

187. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

188. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

189. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

190. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

191. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

192. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

193. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

194. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

195. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Paragraph 195 contains legal arguments to which no response is required. Also, the allegations constitute legal conclusions, and

no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

**COUNT IV**

196.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. To the extent a response is required, Choice admits Plaintiff purports to allege a cause of action for negligent hiring, supervision, and retention.  Choice denies the remaining allegations in this Paragraph, if any.

197.    Choice incorporates by reference its responses to Paragraphs 1-25 and 27-153 of the Complaint as if fully set forth herein.

198.    The allegations in this Paragraph do not appear to be directed at Choice, and no response is required.  To the extent a response is required, Choice incorporates by reference their responses to paragraphs 1-24, 26 -153 of the Complaint as if fully set forth herein.

199.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

200.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

201.    The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations

constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

202. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

203. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

204. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

205. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.   Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

206. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice.  Also, the allegations constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

207. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

208. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

209. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

210. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

211. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations constitute legal conclusions, and no response is required. Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

212. The allegations in this Paragraph do not appear to be solely directed at Choice, and no response is required as to those allegations not directed at Choice. Also, the allegations

constitute legal conclusions, and no response is required.  Further, the statute referenced speaks for itself.  To the extent a response is required, Choice denies the allegations in this Paragraph.

## COUNT V

213.    Choice admits Plaintiff purports to allege a cause of action for negligent rescue against Defendant R&M for negligent rescue.

214.    Choice incorporate by reference their responses to paragraphs 1-24 and 26-153 of the Complaint as if fully set forth herein.

215.    The allegations in Paragraph 215 are not directed to Choice and thus no response is required.

216.    The allegations in Paragraph 216 are not directed to Choice and thus no response is required.

217.    The allegations in Paragraph 217 are not directed to Choice and thus no response is required.

218.    Paragraph 218 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 218.

219.    Paragraph 219 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 219.

220.     Paragraph 220 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 220.

221.    Paragraph 221 does not relate to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 221.

222.    Choice denies the allegations in Paragraph 222.

223. Paragraph 223 constitutes argument and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 223.

224. Paragraph 224 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 224.

225. Paragraph 225 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 225.

226. Paragraph 226 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 226.

227. Paragraph 227 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 227.

228. The allegations in Paragraph 228 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 228.

229. Paragraph 229 contains legal arguments to which no response is required. Insofar as a response is required, Choice denies the allegations set forth in Paragraph 229, except that Choice lack sufficient knowledge or information to form a belief as to the truth of allegations regarding Plaintiff's alleged damages.

### COUNT VI

230. Choice admits Plaintiff purports to allege a cause of action against R&M for aiding and abetting unlawful activity.

231. Choice incorporate by reference their responses to paragraphs 1-24, 26-153 of the Complaint as if fully set forth herein.

232. The allegations in Paragraph 232 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 232.

233. The allegations in Paragraph 233 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 233.

234. The allegations in Paragraph 234 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 234.

235. The allegations in Paragraph 235 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 235.

236. The allegations in Paragraph 236 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 236.

237. The allegations in Paragraph 237 are not directed to Choice and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 237.

238. Paragraph 238 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 238.

239. The allegations in Paragraph 239 are not directed to Choice and thus no response is required. Insofar as a response is required, the allegations are argument and Choice denies the allegations in Paragraph 239.

240. Paragraph 240 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 240.

241. Paragraph 241 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 241.

242. Paragraph 242 contains legal conclusions and thus no response is required. Insofar as a response is required, Choice denies the allegations in Paragraph 242, except that Choice lack sufficient knowledge or information to form a belief as to the truth of allegations regarding Plaintiff's alleged damages.

243.     Paragraph 243 constitutes argument and thus no response is required.  Insofar as a response is required, Choice denies the allegations in Paragraph 243 and specifically deny that it is liable to Plaintiff.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.  Choice hereby incorporates, as if set forth fully herein, each of its Motions to Dismiss and Replies thereto that have been filed against Plaintiff since she filed her initial Complaint.  By not addressing a specific argument previously contained in a Motion to Dismiss or Reply herein, Choice does not intend to waive the same.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were superseding and/or intervening acts of parties over whom Choice has no right of control.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Choice, including other parties in this case and/or third parties such as Plaintiff's alleged traffickers, under the principles of equitable allocation, recoupment, set-off, collateral source, proportionate responsibility, contribution among tortfeasors and/or comparative fault, as well as any defenses, terms and/or provisions of Fla. Stat. §§ 768.31 and 768.81, or otherwise permitted by Florida law.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part insofar as Plaintiff's injuries, if any, are the result of intentional acts attributable to third parties, specifically, the aforementioned traffickers.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action there in, is barred in whole or in part because, insofar as any of the acts or omissions alleged herein were committed by Choice's agents or employees, the agents or employees were not acting within the scope of their authority conferred, or subsequently ratified, by Choice.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because Choice is not the proximate cause of plaintiff's alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because of the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, fails to establish that punitive damages are authorized or warranted under Florida law, or that Choice or any other defendant acted with intentional or requisite conduct sufficient to justify the imposition of punitive damages under Florida or federal common law.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because the Plaintiff was the sole legal cause of the injuries and damages alleged in the Complaint and, therefore, the Plaintiff is barred from recovery as a matter of law. Alternatively, the Plaintiff was comparatively negligent and any recovery in favor of the Plaintiff must be reduced by the percentage of fault attributable to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because Choice had no notice of the condition complained of by the Plaintiff and liability may not be imposed absent such notice.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because there is no causal connection between any alleged act, error, or omission by Choice and Plaintiff's alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because Plaintiff willingly, knowingly and voluntarily exposed herself to and assumed the risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred form relief as sought in the Third Amended Complaint because of the defense of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The doctrine of in pari delicto bars all of Plaintiff's claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring her claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of repose.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The unclean hands doctrine bars Plaintiff's claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is seeking to recover lost profits or damages that are completely speculative in nature and are wholly unsupported by admissible evidence or documentation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by intervening and/or superseding proximate cause(s) of others for which Defendant owes no legal responsibility.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Third Amended Complaint are barred, in whole or in part, by the doctrines of assumption of risk and comparative negligence. Plaintiff's alleged injuries, harm, and/or damages were proximately caused or contributed to by Plaintiff's own conduct and/or the conduct of others not a party to this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it seeks to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities.  Any verdict of judgment that might be recovered must be reduced by those amounts that already have been or will in the future, with reasonable certainty, be paid to Plaintiff by others or indemnify Plaintiff

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages under any of his claims because such claims are not viable as a matter of law and he cannot show the level of willfulness or malice required to recover such damages. Plaintiff has failed to sufficiently plead punitive damages in his Third Amended Complaint. Plaintiff is not entitled to punitive damages. Further, any award of punitive damages against Defendants would violate their due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 9 of the Florida Constitution, and would be improper under the common law and public policies of the State of Florida.

Plaintiff's claims for punitive damages are also barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

Plaintiff's punitive damages claims are barred to the extent that they are based upon conduct occurring outside the State of Florida.

Plaintiff's punitive damages claims are barred by Fla. Stat. § 768.73(2)(a).

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be impermissible multiple punishment in violation of the due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the comparable provisions of the Flsorida Constitution

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer. Having answered Plaintiff's Complaint fully, Choice prays that they be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

Respectfully submitted May 10, 2021

/s/ Kyle A. Diamantas
Kyle A. Diamantas, Esquire
Florida Bar No. 106916
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
200 South Orange Avenue, Suite 2900
Orlando, FL  32801
Phone: 407-422-6600
Fax: 407-841-0325
kdiamantas@bakerdonelson.com

/s/ Sara M. Turner
Sara M. Turner
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com
*Admitted Pro Hac Vice*

*Counsel for Choice Hotels International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2021 I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record.

/s/ *Kyle A. Diamantas*
Kyle A. Diamantas